UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD DANTZSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1362 CDP |
| | ) | |
| DON ROPER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court are several motions filed by petitioner relating to his request for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has filed a motion to appoint counsel, a motion for an evidentiary hearing, a motion for a conference hearing, a motion for a reduction of sentence, a motion to reverse and remand, and a motion for discovery. For the reasons stated below, I find that a conference, further discovery, or an evidentiary hearing is not necessary and that petitioner is not entitled to appointment of counsel, a reversal, a remand, or a reduction in sentence.

Petitioner challenges his conviction by jury in state court on six grounds. Petitioner argues that the admission of an oral description of the crime scene, the exclusion of a cell phone, the failure of his counsel to object to inaccuracies in the government's opening statements or object while the government cross-examined him, and the state court's refusal to give a self-defense instruction to the jury,

respectively, entitle him to relief by writ. The petition is fully briefed and under submission.

1. **Appointment of Counsel**

Petitioner requests that the Court appoint counsel in this case. There is no constitutional or statutory right to appointed counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Upon consideration of the above-listed factors, I find that appointment of counsel is not warranted at this time. The claims and underlying facts of this case are relatively straightforward and do not involve any complex legal issues. Moreover, based on petitioner's presentation of the issues in his petition and other submissions to the Court, he seems quite capable of litigating this action on his own. Therefore, his motion for appointment of counsel will be denied.

## 2. Evidentiary and Conference Hearing

Petitioner requests an evidentiary hearing, a conference hearing, and further discovery. Under section 2254(e)(2) a federal district court may not grant an evidentiary hearing unless "the applicant has failed to develop the factual basis of a claim in State court proceedings . . . [and] the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence; and [] the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). An evidentiary hearing is not necessary when the merits of petitioner's claims may be resolved based on the state court record. *McCann v. Armontrout*, 973 F.2d 655, 658-59 (8th Cir. 1992).

The state court record contains sufficient facts to make an informed decision on the merits of petitioner's claims. Petitioner's claims challenge the evidentiary rulings of the trial judge and the efficacy of his counsel's defense. These claims raise legal issues, not factual issues. As a result, an evidentiary or conference hearing is not necessary. Similarly, because petitioner's claims do not require further factual development and may be adequately resolved on the record, further discovery in this case is also unnecessary.

3. **Reduction of Sentence**

Petitioner requests a reduction of sentence, as well as reversal and remand. This Court does not have authority to reduce, reverse, or remand petitioner's state court sentence. I may only grant or deny his petition for habeas corpus. *See* 28 U.S.C. § 2254. As a result, I will deny his requests for a reduction of sentence, reversal, and remand and I will consider the merits of petitioner's arguments when I consider the merits of his habeas petition. Although I am denying petitioner's motions at this time, I will reconsider my rulings during my review of the merits if necessary.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for appointment of counsel [#4] is DENIED.

**IT IS FURTHER ORDERED** that petitioner's motions for a conference hearing [#6] for an evidentiary hearing [#7] and for discovery and/or permission to file a request for production of documents [#15] are DENIED.

**IT IS FURTHER ORDERED** that petitioner's motions for a reduction of sentence [#5] and for reversal and remand [#14] are DENIED.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2010.