UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD DANTZSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case no. 4:09CV1362 CDP |
| ) | |
| DON ROPER, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

Petitioner Edward Dantzson is currently incarcerated in the Potosi Correctional Center in Mineral Point, Missouri. Dantzson was convicted by a jury of first-degree assault and armed criminal action. He was sentenced as a prior and persistent felony offender to consecutive terms of twelve years imprisonment for the assault charge and five years imprisonment for the armed criminal action charge. His conviction was affirmed on direct appeal. *State v. Dantzson*, 226 S.W.3d 174 (Mo. Ct. App. 2007). His motion for post-conviction relief was denied and that denial was affirmed on appeal. *Dantzson v. State*, 285 S.W.3d 823 (Mo. Ct. App. 2009). In his petition for habeas corpus relief under 28 U.S.C. § 2254, Dantzson raises six grounds for relief. None of Dantzson's claims entitle him to habeas corpus relief and so I will deny his petition for the writ.

## Facts

The Missouri Court of Appeals described the facts as follows:

Tikia Dantzson (Tikia) filed for divorce from Appellant on April 4, 2005. Appellant became aware of the divorce petition shortly after it was filed.

On April 26, Anthony Gladney (Gladney), a friend of Tikia, was spending the night at Tikia's house. Gladney was awakened by a bumping sound, got out of bed and went to the bathroom. As he finished using the bathroom, he heard the sound of glass shattering. He started to leave the bathroom when Appellant, armed with a knife, tried to push his way into the bathroom. As Appellant pushed in the bathroom door came back and struck Gladney in the head.

Gladney pushed back against the door to try and keep Appelant out, but Appellant got his arm inside the door and swung the knife at Gladney as Gladney ducked. Appellant yelled that he was going to kill Gladney and threatened to emasculate him. Appellant swung the knife at Gladney's neck, and Gladney raised his arm to block it. The knife cut deep into Gladney's arm, necessitating nineteen stitches.

*State v. Dantzson*, No. ED87906, Mo. Ct. App. June 5, 2007 (unreported memorandum opinion) [docket entry 21-1, at p. 3].

## Grounds Raised

Dantzson now seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. He asserts the following grounds for relief:

1. Trial counsel was ineffective for failing to object to Gladney's testimony as improper bolstering and cumulative when he was asked to "re-describe" State's Exhibits 9, 10, and 11

2. Direct appeal counsel was ineffective for failing to argue that the trial court improperly excluded Dantzson's cell phone as evidence.

3. Direct appeal counsel was ineffective for failing to argue that the prosecutor made two false statements in her opening statement.

4. Direct appeal counsel was ineffective for failing to argue that the prosecutor lacked a good-faith basis to cross-examine Dantzson about whether one of Tikia's friends called him and told him that Tikia was with another man.

5. The trial court erred in refusing to instruct the jury on self-defense.

6. The trial court erred in overruling Dantzson's Motion for Judgment of Acquittal and Motion for New Trial on the first degree assault charge.

## **Discussion**

Under section (d) of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, when a claim has been adjudicated on the merits in state court, an application for a writ of habeas corpus shall not be granted unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

The Eighth Circuit has articulated the standards for subsection (1) as follows:

> The "contrary to" clause is satisfied if a state court has arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" but arrives at the opposite result. A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." A case cannot be overturned merely because it incorrectly applies federal law, for the application must also be "unreasonable."

*Shafer v. Bowersox*, 329 F.3d 637, 646–47 (8th Cir. 2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).

Under subsection (2), "a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings, 28 U.S.C. § 2254(d)(2), only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).

Dantzson's first four grounds for relief allege that he received ineffective assistance of counsel at both the trial and appellate levels. The Sixth Amendment establishes the right to the effective assistance of counsel in a criminal case.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Dantzson must establish that his counsel's performance did not meet an objective standard of reasonableness, and that the deficient performance prejudiced the defense. *Id*. at 687–88. Failure to satisfy either prong is fatal to the claim. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997). In determining whether his counsel's performance was deficient, the Court must decide "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688. There is, however, a strong presumption that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). To establish prejudice, Dantzson must demonstrate that there is a reasonable probability that the decision reached would have been different absent counsel's error. *Strickland*, 466 U.S. at 694; *Griffin v. Delo*, 33 F.3d 895, 900 (8th Cir. 1994).

In *Blackmon v. White*, 825 F.2d 1263, 1265 (8th Cir. 1987), the Eighth Circuit stated that "the courts must resist the temptation to second-guess a lawyer's trial strategy; the lawyer makes choices based on the law as it appears at the time, the facts as disclosed . . . and his best judgment as to the attitudes and sympathies of the judge and jury." Furthermore, "[t]he fact that the choice made later proves to have been unsound does not require a finding of ineffectiveness."

*Id*.  "[I]t is not enough to complain after the fact . . ., when . . .the strategy at trial may have been reasonable in the face of an unfavorable case." *Id*. (citing *Strickland*, 466 U.S. at 690). *See also Shaw v. United States*, 24 F.3d 1040, 1042 (8th Cir. 1994) (trial counsel's reasonable trial strategies cannot constitute ineffective assistance, even if they are unsuccessful); *Henderson v. Norris*, 118 F.3d 1283, 1287–88 (8th Cir. 1997).

*Ground 1: Gladney's Testimony*

Dantzson's first ground for relief alleges that his trial counsel was ineffective for failing to object to the prosecutor asking Gladney to "re-describe" State's Exhibits 9, 10, and 11, which were pictures of the bathroom where the attack took place. Dantzson contends that this testimony constituted improper bolstering and that it was cumulative.

The state courts rejected this argument, concluding that any objection that counsel would have made would not have been successful. The testimony was not improper bolstering because it was not an out-of-court statement of a witness offered solely to duplicate or corroborate trial testimony. *See State v. Holmquest*, 243 S.W.3d 444, 449 (Mo.App. 2007). The testimony was also not unreasonably cumulative. Gladney's initial testimony laid a foundation for the photographs to be admitted into evidence. After the photographs were admitted, they were shown

to the jury for the first time, and Gladney was then asked to "re-describe" the photos. Such testimony is proper.

Because the state court properly found that any objections would have been unavailing, Dantzson cannot show that his counsel's performance fell below a reasonable standard or that he was prejudiced. Dantzson has thus failed to satisfy either prong of the *Strickland* standard for ineffective assistance of counsel. Accordingly, I will deny habeas relief on Ground 1 of the petition.

*Ground 2: Exclusion of Dantzson's Phone*

Dantzson contends that his direct appeal counsel was ineffective for not challenging the trial court's exclusion of Dantzson's cell phone from evidence. Dantzson claims the cell phone would have shown that none of Tikia's friends called him on the night of the assault, and that it contained a video of Tikia and him several days before the assault, showing that their relationship had not been strained.

The Missouri Court of Appeals denied this claim, noting that the claim would have been subject only to plain error review because trial counsel did not properly preserve it. The court found the video was cumulative of Dantzson's testimony about his relationship with Tikia and was irrelevant because it was

remote in time from the assault. The court concluded that Dantzson's claim would have failed as a matter of state evidentiary law.

"Determinations of state law made by a state court are binding on a federal court in habeas proceedings." *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005). Because any objection would have failed as a matter of state evidentiary law, counsel cannot have been ineffective for failing to raise this point on appeal. I will deny habeas relief on Ground 2 of the petition.

*Ground 3: Prosecutor's False Statements*

Dantzson next claims that direct appeal counsel was ineffective for failing to raise on appeal the prosecutor's allegedly false statements during opening statements. He argues that the prosecutor falsely stated that Dantzson and Tikia were divorced, and that the assault left Gladney totally disabled and ruined his career in the Marines. The Missouri Court of Appeals denied this claim and held that the prosecutor's statements were supported by the evidence presented at trial.

The prosecutor told the jury it would hear Tikia on the 911 tape say that "her ex-husband was pounding on the door trying to get in." Tr. 184. Defense counsel, and even Dantzson himself, admitted Tikia referenced her "ex-husband" in the 911 call. The call was played to the jury, so they could hear what was said.

With respect to Gladney, the prosecutor stated that because of the injury received from Dantzson, Gladney was no longer able to re-enlist for a second tour of duty in the Marines. Gladney's testimony indicated that he was being encouraged to reenlist in the Navy, not the Marines, and that he was considering doing so, but he was unable to because of the injury received from Dantzson.

The state court made factual findings that there was evidentiary support for the prosecutor's comments. I will presume these factual conclusions are correct unless Dantzson can show that the state court erred by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Although the prosecutor erroneously referred to the Marines instead of the Navy, the other statements were true. Additionally, the Navy/Marines error could not have prejudiced Dantzson, because the particular branch of service was irrelevant to the point being made. The state court determination was not an unreasonable determination of the facts or an unreasonable application of the law, and so I will deny habeas relief on Ground 3 of the petition.

*Ground 4: Prosecutor's Good-faith Basis for Cross-examination*

Dantzson contends that direct appeal counsel was ineffective for failing to raise the prosecutor's lack of a good-faith basis to cross-examine him about whether one of Tikia's friends called him and told him that Tikia was with another

man.  The Missouri Court of Appeals held that the prosecutor had a good faith basis for her questions.

The prosecutor told the trial court that Tikia had initially told the investigators that she called her friend Amber and bragged that Gladney was coming over, knowing that Amber would pass the information along to Dantzson. After initially providing this information, Tikia became uncooperative.  The State was unable to locate or properly serve Amber.

The state court held that Tikia's earlier statements provided the prosecutor with a good faith basis for asking the questions, and that counsel was not ineffective for failing to raise this issue on appeal.  This decision by the Missouri Court of Appeals was not unreasonable.  Accordingly, I will deny habeas relief on ground 4 of the petition.

*Ground 5: Self-defense Jury Instruction*

Dantzson contends that the trial court erred in failing to instruct the jury on self-defense.  The Missouri Court of Appeals found no instructional error, and denied this claim.  While the Supreme Court has never held that there is a federal right to an affirmative defense instruction, the Eighth Circuit has assumed that "a defendant has a due process right to a self-defense instruction if the evidence satisfies the requirements of the applicable law on self-defense." *Lannert v. Jones*,

321 F.3d 747, 754 (8th Cir. 2003). I will construe this claim as raising a due process violation.

In order to claim self-defense, Dantzson must show he reasonably believed that Gladney was imminently going to use unlawful force against him, and that Dantzson was not was not the initial aggressor. Mo. Rev. Stat. § 563.031.1 (2000). The evidence at trial does not support such a claim. There is no evidence Gladney posed a threat of imminent harm, as he was unarmed and in the bathroom when Dantzson attacked him. Additionally, Dantzson, who broke into the house and then entered the bathroom with a knife and threatened the unarmed Gladney, was the initial aggressor. The decision by the Missouri Court of Appeals was not unreasonable. Accordingly, I will deny habeas relief on ground 5 of the petition.

*Ground 6: Sufficiency of the Evidence*

Dantzson claims the trial court erred in overruling his motion for judgment of acquittal and motion for new trial on the first degree assault charge. Dantzson argues that a reasonable jury could only find that he was acting under the influence of sudden passion. The Missouri Court of Appeals denied this claim and held there was sufficient evidence from which a reasonable juror might have found Dantzson guilty beyond a reasonable doubt of first degree assault.

In reviewing a habeas challenge to the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original). "In applying this standard, '[t]he scope of our review . . . is extremely limited . . .. We must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and we must defer to that resolution.'" *Sexton v. Kemna,* 278 F.3d 808, 814 (8th Cir.2002) (quoting *Miller v. Leapley,* 34 F.3d 582, 585 (8th Cir.1994)).

In applying this stringent standard to the evidence at trial, I must agree with the Missouri Court of Appeals that there was sufficient evidence from which a reasonable juror might have found Dantzson guilty beyond a reasonable doubt of the first degree assault charge. Accordingly, I will deny habeas relief on Ground 6 of the petition.

**<u>Certificate of Appealability</u>**

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial

of a federal constitutional right. *Id*. at §2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of Dantzson's claims, so I will deny a Certificate of Appealability on all claims. Accordingly,

**IT IS HEREBY ORDERED** that petition of Edward Dantzson for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a Certificate of Appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2010.